IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| RODNEY REGISTER, | ) |
| Petitioner, | ) |
| v. | ) CIVIL ACTION NO. 01-S-1424-S |
| RALPH HOOKS, WARDEN; ATTORNEY GENERAL FOR THE STATE OF ALABAMA, | ) |
| Respondents. | ) |

## MEMORANDUM OF OPINION

Petitioner is one of twelve black male state inmates who alleges that he has sought commutation of his sentence from life without parole to life with the possibility of parole[1] and who further alleges that his petition for commutation has been denied or ignored by Governor Don Siegelman or his predecessor, then-Governor Fob James. The prisoners with whom petitioner has aligned himself allege that the governor's denial of or failure to consider the commutation petitions is a denial of procedural due process. The prisoners also contend that the denial of or failure to consider the commutation petitions is a denial of equal protection when compared to former Governor Fob James's commutation of the sentence of Judith Ann Neeley, a white female, previously sentenced to death by electrocution.

This court certified to the Alabama Supreme Court the following questions:

(1)   Does Alabama law authorize the governor to grant a commutation of a sentence of life without parole to a sentence of life with the possibility of parole?

(2)   If so, what guidelines, if any, apply to the decision-making process?

---

[1]   All of these inmates have been sentenced to life imprisonment without parole following a conviction for capital murder or pursuant to the Alabama Habitual Felony Offender Act.



(3) Is a hearing before the governor required at which the prisoner can present his case?

(4) May the denial of a grant of commutation or the refusal to rule on a request for commutation be challenged and, if so, in what forum, controlled by what rules or procedures?

On September 6, 2002, the Alabama Supreme Court answered the first question in the negative and declined to answer the remaining claims finding these claims to be moot in light of the answer to question number one. The Supreme Court recognized that the Alabama Constitution of 1901, § 124 originally gave the governor the power to commute sentences. Section 124 was amended in 1939 by Amendment No. 38 to provide "The governor shall have power to grant reprieves and commutations to person <u>under sentence of death.</u>" The Alabama Supreme Court held:

> [I]t clearly appears [Amendment No. 38] was intended as a <u>substitute</u> for [§ 124]." *Summers v. State*, 244 Ala. 672, 672-73, 15 So.2d 502, 503 (1943) (emphasis added). In other words, Amendment No. 38 "was designed to <u>take the place of</u> § 124." *Swift v. Esdale*, 293 Ala. 520, 523, 306 So.2d 268, 271 (1975) (emphasis added). "The purpose of the amendment was to adopt a <u>new system</u> by which the State should administer 'pardons, paroles [and] remission of fines,' etc., and whereby such matters – thus disposed to legislative authority – were transferred <u>from</u> executive power." *Pinkerton v. State*, 29 Ala. App. 472, 198 So. 157, 158 (1940) (emphasis added). See also *Ex Parte Board of Pardons & Paroles*, 793 So.2d 774, 776 (Ala. 2000). "Amendment 38 [merely] <u>retained</u> the power in the governor to grant reprieves and commutations to persons <u>under a death sentence</u> ...." *Brown v. State*, 288 Ala. 680, 681, 264 So.2d 549, 550 (1971) (emphasis added).
>
> The governor's commutation power is limited to the power plainly expressed in Amendment No. 38. There is, therefore, no constitutional or statutory provision "authoriz[ing] the governor to grant a commutation of a sentence of life without parole to a sentence of life with the possibility of parole."

> Consequently, we answer question no. 1 in the negative. Because we have answered question no. 1 in the negative, we need not answer the remaining questions.

The Alabama Supreme Court's clear pronouncement that Alabama law does not authorize the governor to grant a commutation of a sentence of life without parole to a sentence of life with the possibility of parole establishes beyond doubt that petitioner has failed to state a cognizable habeas claim. Neither the due process nor equal protection clauses can be implicated because the governor of Alabama has no legal authority to commute petitioner's current sentence of life without parole. The petitioner and each prisoner who has filed a similar habeas action is serving a life without parole sentence. They are not, therefore, by the very nature of their sentences, similarly situated to the equal protection comparison to Judith Ann Neeley who was under a sentence of death when her sentence was commuted. It was only because Ms. Neeley was under a sentence of death that the governor had authority to commute her sentence. In light of clear Alabama law the petitioner does not present a claim upon which habeas corpus relief will lie.

A separate final judgment consistent with this memorandum of opinion will be entered simultaneously herewith.

DONE this the 19th day of September, 2002.

_____
UNITED STATES DISTRICT JUDGE

3